**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mandeep Seera,

Petitioner,

v.

Markwayne Mullin, *et al.*,

Respondents.

No. CV-26-04008-PHX-JJT (DMF)

**ORDER**

Petitioner Mandeep Seera, who is represented by counsel, has filed a Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2241 challenging his immigration detention. Upon review of the briefing (Docs. 1, 4), the Court will dismiss the Petition without prejudice for failure to exhaust administrative remedies.

**I. Background**

Petitioner is a native and citizen of India. (Doc. 1 ¶ 3.) On or about February 13, 2017, Petitioner entered the United States on a nonimmigrant visitor visa. (*Id.*) On May 14, 2026, Petitioner was taken into immigration custody. (*Id.* ¶ 2.) On May 18, 2026, Petitioner was served with a Notice to Appear charging him as removable under 8 U.S.C. § 1227(a)(1)(B) for staying in the United States longer than permitted. (*Id.* ¶ 3.) On June 1, 2026, an Immigration Judge held a custody redetermination hearing and denied Petitioner's request for release on bond after finding that Petitioner failed to meet his burden of proving he is not a danger or a flight risk if released on bond. (Doc. 1-1 at 14-15.) The record does

not reflect that Petitioner appealed that determination to the Board of Immigration Appeals ("BIA"). The appeal was due July 1, 2026. (*Id.* at 15.)

On June 8, 2026, before the time to appeal had expired, Petitioner filed this action through counsel. (Doc. 1.) The Petition presents three claims for relief under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act. (*Id.* ¶¶ 42-56.) Each claim challenges the June 1, 2026 custody determination. Petitioner contends that the Immigration Judge's determination is not supported by the evidence and that the Immigration Judge improperly relied on Petitioner's inability to speak English. (*Id.* ¶¶ 47-48, 52, 56.) Petitioner seeks release or a new bond hearing. (*Id.* ¶ 6.) Respondents assert that 8 U.S.C. § 1226(e) bars review of the Immigration Judge's determination and that Petitioner should pursue his administrative remedies. (Doc. 4 at 2-4.)

## II. Discussion

### A. Applicable Detention Statute

The Immigration and Nationality Act ("INA") supplies several statutes authorizing the detention of aliens placed in removal proceedings, including 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

Here, it is undisputed that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). (Doc. 1 ¶¶ 43-44; Doc. 4 at 1.) Section 1226(a) is the "default rule" for the detention of aliens "already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018). Detention under 8 U.S.C. § 1226(a) is discretionary. The statute authorizes but does not require detention, and it expressly permits release on bond or conditional parole. 8 U.S.C. § 1226(a)(2). Its implementing regulations

provide for custody redetermination hearings before an Immigration Judge. 8 C.F.R. §§ 236.1(d), 1236.1(d).

**B. Jurisdiction**

District courts have jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). Although 8 U.S.C. § 1226(e) limits judicial review of the Attorney General's discretionary judgment regarding the detention and release of an alien, it does not "preclude habeas jurisdiction over constitutional claims or questions of law," and "[c]laims that the discretionary [bond] process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)).

The Court therefore "has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Kharis v. Sessions*, No. 18-cv-04800, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (explaining that although the IJ's discretionary bond determination was not reviewable in federal court, *see* 8 U.S.C. § 1226(e), the court has "jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [the petitioner's] agency proceedings, including any claimed due process violation"); *Benipal v. Rokosky*, No. CV-26-01306-PHX-RM (CDB), 2026 WL 1355010, at *6 (D. Ariz. Apr. 23, 2026) (claims challenging the procedural adequacy of a bond hearing are reviewable), *report and recommendation adopted*, 2026 WL 1352061 (D. Ariz. May 14, 2026).

Jurisdiction, however, is not the end of the inquiry. An alien who wishes to challenge an Immigration Judge's custody determination must first appeal that determination to the BIA. When a petitioner has not done so, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*,

646 F.3d 1157, 1160 (9th Cir. 2011); *see also Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) (requiring exhaustion of constitutional claims that the BIA can review on appeal).

**C. Petitioner Has Not Exhausted His Administrative Remedies**

"The doctrine [of exhaustion] provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *McKart v. United States*, 395 U.S. 185, 193 (1969) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). In other words, an exhaustion requirement "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Here, Petitioner seeks habeas relief under 28 U.S.C. § 2241, which does not explicitly require administrative exhaustion. However, the "Ninth Circuit requires prudential exhaustion in habeas challenges to decisions by IJs, including bond determinations." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citing *Leonardo*, 646 F.3d at 1160; *Sun v. Ashcroft*, 370 F.3d 932, 935 (9th Cir. 2004); *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018)). Exhaustion is required "because agency expertise is often needed to generate a proper administrative record, because relaxing exhaustion would only encourage detainees to deliberately bypass available administrative remedies, and because administrative review can often correct the errors alleged—eliminating any need for federal habeas review." *Fan v. Bondi*, No. 5:25-cv-3619-SK, --- F. Supp. 3d ----, 2026 WL 2276462, at *9 (C.D. Cal. Aug. 6, 2026) (citing *Puga*, 488 F.3d at 815).

Here, each of Petitioner's three claims challenges the June 1, 2026 custody determination. (Doc. 1 ¶¶ 48, 52, 56.) Petitioner did not appeal that determination to the

BIA before filing this action. (*See* Doc. 1 ¶¶ 22-23.) Respondents contend that the Petition seeks to "preempt or circumvent the BIA's appellate process" (Doc. 4 at 3), and the Petition asserts only that an appeal "would be futile" (Doc. 1 ¶ 23). The Court finds that the Petition is unexhausted.

A court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). That discretion, however, "is not unfettered," and the exhaustion requirement "is not lightly to be disregarded." *Laing*, 370 F.3d at 998 (quoting *Murillo v. Mathews*, 588 F.2d 759, 762 n.8 (9th Cir. 1978)). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Id.* Petitioner bears the burden of showing that at least one of the *Laing* factors applies. *See Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) ("The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies."). As explained below, the Court finds that Petitioner has not carried that burden.

Petitioner asserts that he "has exhausted his administrative remedies to the extent required by law." (Doc. 1 ¶ 22.) To the extent Petitioner contends that the administrative remedy is inadequate because he raises legal and constitutional claims, the Court disagrees. Although "[a]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures," the "key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013). That is, a petitioner "must exhaust administrative remedies before raising . . . constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal." *Rojas-Garcia*, 339 F.3d at 819.

Petitioner contends that the Immigration Judge committed "legal error" by relying on Petitioner's inability to speak English and that the Immigration Judge's determination is not supported by the evidence. (Doc. 1 ¶¶ 47-48.) Petitioner contends that the same asserted errors violated due process and the Administrative Procedure Act. (*Id.* ¶¶ 52, 56.) A habeas court reviewing a custody determination "cannot reweigh the evidence," *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)), and a petitioner may not obtain review of a discretionary determination by "cloaking an abuse of discretion argument in constitutional garb," *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). To the extent Petitioner asks the Court to reweigh the evidence presented at the bond hearing, 8 U.S.C. § 1226(e) forecloses that review.

The BIA reviews an Immigration Judge's rulings on questions of law, discretion, and judgment de novo. 8 C.F.R. § 1003.1(d)(3)(ii). If the June 1, 2026 determination rested on an improper factor, or failed to reflect the individualized assessment that the BIA's own precedent requires, the BIA can correct the error and order appropriate relief. *See* 8 C.F.R. § 1003.19(f); *Loba L.M. v. Andrews*, No. 1:25-cv-0611-JLT-SAB, 2026 WL 710307, at *8 (E.D. Cal. Mar. 13, 2026) ("Complaints about the conclusion the IJ reached must be presented through the normal immigration appeal process."); *Morgan v. Gonzales*, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007) (procedural due process claims "must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims"); *Sun*, 370 F.3d at 944 n.18 (explaining that if "an alleged procedural error could have been challenged before the BIA and was not, we lack jurisdiction to review it"). Because the BIA can decide the claims the Petition presents, Petitioner has not shown that the administrative remedy is inadequate.

Petitioner asserts that an appeal to the BIA "would be futile in light of the present adjudicatory history." (Doc. 1 ¶ 23.) "[T]here is no exhaustion requirement if resort to the agency would be futile." *SAIF Corp./Oregon Ship v. Johnson*, 908 F.2d 1434, 1441 (9th Cir. 1990). Recourse to the BIA is futile where "the agency's position on the question at

issue appears already set." *Hernandez*, 872 F.3d at 989 (quoting *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir. 1991)). The adjudicatory history described in the Petition concerns aliens who entered the United States without inspection and are deemed subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Doc. 1 ¶¶ 36-41.) That history does not apply to Petitioner. He was admitted on a visitor visa, he is detained under 8 U.S.C. § 1226(a), and the Immigration Judge entertained his request for bond. (*Id.* ¶ 3; Doc. 1-1 at 14.) Petitioner does not contend that the BIA's position on the question his Petition presents is already set. To the contrary, the assessment of the *Guerra* factors that he faults the Immigration Judge for failing to make is the assessment the BIA's own precedent prescribes. (Doc. 1 ¶¶ 44-47.) *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Futility cannot rest on a generalized prediction that the BIA is unlikely to rule in Petitioner's favor. *See Santos Barrera v. Semaia*, No. EDCV 24-1617 PA (PVC), 2025 WL 2684198, at *4 (C.D. Cal. Mar. 5, 2025) ("Arguing in generalities that the BIA is unlikely to rule favorably for a petitioner is not sufficient to trigger waiver."); *Villa v. Mullin*, No. 5:26-cv-01690-JDE, 2026 WL 1583941, at *3 (C.D. Cal. June 2, 2026) ("Claiming such efforts would be futile without even trying is generally an inadequate basis to excuse exhaustion.").

Finally, Petitioner does not assert that he will suffer irreparable injury if exhaustion is required. Detention that follows a bond hearing is not by itself irreparable harm sufficient to waive the exhaustion requirement. *See, e.g.*, *Aden*, 2019 WL 5802013, at *3; *Reyes v. Wolf*, No. C20-0377JLR, 2021 WL 662659, at *3 (W.D. Wash. Feb. 19, 2021) (continued detention while a BIA appeal of a bond denial is pending does not, without more, establish irreparable injury), *aff'd sub nom. Diaz Reyes v. Mayorkas*, 854 F. App'x 190 (9th Cir. 2021). *But cf. Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *7 (N.D. Cal. May 19, 2020) (excusing exhaustion where continued detention was exacerbating the petitioner's diagnosed post-traumatic stress disorder).

*Leonardo* is instructive. There, a detained alien received a bond hearing, was denied bond, and sought review of the Immigration Judge's decision in the district court without

first appealing to the BIA. 646 F.3d at 1159. The Ninth Circuit held that "[t]his short cut was improper" and that the district court should have dismissed the petition without prejudice or held it in abeyance pending exhaustion. *Id.* at 1160. The exhaustion rule is not an empty formality. As the court explained in *Fan*:

> [T]o enforce exhaustion—in a case like this one especially—is not to relegate detainees to a phantom zone of administrative bureaucracy. Nor is it to diminish in any way the real-world consequences of physical confinement. It is only to say that, in the mine-run of immigration detention cases, exhaustion is essential to ensuring that federal habeas courts remain Article III courts of limited *collateral* review—not de facto administrative boards of *direct* review functionally no different than the BIA.

*Fan*, 2026 WL 2276462, at *15 (emphasis in original).

In sum, Petitioner has not carried his burden of showing that any *Laing* factor excuses exhaustion. Indeed, excusing exhaustion here would "encourage detainees to deliberately bypass available administrative remedies." *Fan*, 2026 WL 2276462, at *9; *see Laing*, 370 F.3d at 1000 (whether waiver "would encourage the deliberate bypass of the administrative scheme" is "a key consideration" (quoting *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990))). Petitioner filed this action twenty-three days before the appeal deadline expired. (Doc. 1; Doc. 1-1 at 14-15.) Courts have declined to excuse exhaustion in materially similar circumstances. *See, e.g.*, *Boeva v. Lyons*, No. CV-26-01711-PHX-JJT (ASB), Doc. 8 at 10 (D. Ariz. Aug. 31, 2026) (dismissing a § 2241 challenge to a bond denial without prejudice for failure to exhaust where the petitioner filed suit thirteen days before her time to appeal to the BIA expired); *Aishan v. Mullin*, No. 5:26-CV-04523-DFM, 2026 WL 2666862, at *4 (C.D. Cal. Sept. 9, 2026) (dismissing § 2241 petition for failure to exhaust where the petitioner filed suit twenty days before the deadline to appeal to the BIA, and noting that "[a] written statement of the IJ's reasons would be produced by Petitioner's appeal"); *Younghun Kim v. Mullin*, No. C26-1992-SKV, 2026 WL 2198597, at *4 (W.D. Wash. July 30, 2026) (dismissing a § 2241 challenge to a bond denial without prejudice for failure to exhaust where the petitioner filed suit days before his deadline to

appeal to the BIA expired, noting that a "written decision by the IJ, which would have been produced had Petitioner appealed the decision to the BIA, likely would have clarified . . . and illuminated Petitioner's due process claim" and stating that "[w]ithout having exhausted his claim, Petitioner is not equipped to press it, and the Court is not positioned to decide it").[1] Consistent with *Leonardo*, the Petition will be dismissed without prejudice.

Therefore,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that any pending motions are denied as moot, and the Clerk of Court must enter judgment accordingly and close this case.

Dated this 9th day of October, 2026.

Honorable John J. Tuchi
United States District Judge

[1] As in *Aishan* and *Younghun Kim*, Petitioner's decision to bypass the BIA leaves the Court without a statement of the Immigration Judge's reasons. The June 1, 2026 order is a summary form. (Doc. 1-1 at 14-15.) When a bond determination is appealed, the Immigration Judge prepares a written decision explaining it. *See Tojxitumul v. Warden of the Mesa Verde Detention Facility*, No. 1:26-cv-04431-JLT-CDB (HC), 2026 WL 1786393, at *2 n.2 (E.D. Cal. June 22, 2026) (citing the Immigration Court Practice Manual); *Konate v. Moniz*, No. CV 26-12083-FDS, 2026 WL 2516658, at *6 (D. Mass. Aug. 25, 2026) (requiring exhaustion where "the immigration judge did not issue a written decision . . . because petitioner declined to appeal," which left the court without "a full record on which to review").